# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-99-00820-CR

**Michael David George, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 0992614, HONORABLE JON N. WISSER, JUDGE PRESIDING

A jury found appellant Michael David George guilty of possessing cocaine and assessed punishment at imprisonment for ten years' probated. Tex. Health & Safety Code Ann. § 481.115(a), (d) (West Supp. 2000). Appellant's sole point of error is that the district court should have granted his motion for mistrial. We will overrule this contention and affirm.

The cocaine for which appellant was convicted was discovered during a search following his arrest on outstanding warrants by Deputy Sheriff John Stefan. Stefan testified that he stopped appellant's pickup after receiving a "be on the lookout" call for the vehicle. The officer added that the call indicated that the driver of the pickup "was wanted on four felony warrants." Appellant objected that this testimony violated an order in limine prohibiting the State from offering any evidence of appellant's criminal record without first notifying appellant. The objection was sustained and the jury was instructed to disregard "the last answer." Appellant's motion for mistrial was overruled.

A mistrial is called for when there is error so prejudicial that continuation of the trial would be futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). As a general rule, testimony erroneously referring to or implying extraneous offenses can be rendered harmless by an instruction to disregard. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). An instruction will be insufficient only if the evidence was so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest the impossibility of removing the harmful impression from the jurors' minds. *Id*. The denial of a mistrial motion is reviewed for an abuse of discretion. *Ladd*, 3 S.W.3d at 567.

Appellant concedes that the witness could properly tell the jury that he arrested appellant on the basis of an outstanding warrant. We believe that the witness's reference to "four felony warrants" was not so extraordinarily improper or prejudicial as to be incapable of being cured by the court's instruction to disregard. *See id*. (statement that defendant was "smoking crack cocaine" on day of charged offense cured by instruction to disregard); *Kemp*, 846 S.W.2d at 308 (statement that defendant "had recently been released from the penitentiary" cured by instruction to disregard).

Appellant argues that exceptional harm is shown because he was forced to change his trial strategy. Appellant testified at the guilt/innocence stage. During voir dire outside the jury's presence, appellant stated that he would not have testified at that stage had the deputy not mentioned the four felony warrants. During his testimony, appellant admitted possessing the cocaine. He also described his cocaine addiction and the deleterious effect it had on his marriage and his business. He admitted that he had jumped bail following a previous cocaine arrest, and was also charged with

retaliation and violation of a protective order. Appellant contends this testimony would not have been offered at the guilt/innocence stage but for the court overruling his motion for mistrial.

We have concluded that the district court's instruction to disregard was adequate to cure the erroneous reference to other felony accusations. Appellant was not forced to testify by any error on the part of the court. His decision to take the stand was, as the record reflects, the product of considered trial strategy.

The court did not abuse its discretion by overruling the mistrial motion. The point of error is overruled and the judgment of conviction is affirmed.

_____

Jan Patterson, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: November 9, 2000

Do Not Publish

3